■ RONALD STOLER, Appellant, v JACK KATZ, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiff appeals from an order of the Supreme Court, Queens County (Hyman, J.), entered March 6, 1980, which denied his application for a general preference, and transferred the action to the Civil Court, Queens County, without waiving the monetary jurisdictional limit of that court. Order reversed, without costs or disbursements, application for a general preference is granted, and the case is remanded to the Supreme Court, Queens County, for further proceedings consis-

tent herewith. The complaint seeks damages for personal injuries in the amount of $250,000 and plaintiff has shown, prima facie, that he has sustained special damages in the amount of approximately $7,000. Considering the uncontroverted medical evidence submitted with plaintiff's note of issue claiming a general preference Special Term's *sua sponte* reduction of the *ad damnum* clause to an amount not in excess of $10,000 was improper. Furthermore, considering the same uncontroverted medical evidence, we find that plaintiff proved, prima facie, that his injuries were permanent in nature. Accordingly, Special Term should have granted him a general preference (CPLR 3401; 22 NYCRR 674.1). Hopkins, J. P., Mangano, Gulotta and Margett, JJ., concur.